# United States District Court, Northern District of Illinois

JS—4

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50463 | **DATE** | 10/1/2004 |
| **CASE TITLE** | BORDA vs. RIDGE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss is granted. This case is dismissed in its entirety with prejudice.

*/s/ Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | 10-4-04 date docketed | |
| | Notified counsel by telephone. | | | 19 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 10-1-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff Jaime Borda ("Borda") brought suit against defendant Dr. Patricia Ridge ("Ridge") pursuant to 42 U.S.C. §1983. This court has jurisdiction pursuant to 28 U.S.C. §1331. Borda claims that Ridge, the Chairperson of the Bachelor of Arts Review Board and the Director for Bachelor of Arts degrees in the Department of Theatre at Northern Illinois University ("NIU"), violated his rights to due process and equal protection under the 14th Amendment. Ridge moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Under FRCP 12(b)(6) "a motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Kennedy v. Nat'l Juvenile Detention Ass'n., 187 F.3d 690, 694 (7th Cir. 1999). "All statements of fact in the complaint are taken as true and all reasonable inferences must be drawn in favor of [the non-movant]." Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002). As a result, the following facts are taken to be true for purposes of deciding Ridge's motion.

During the Spring of 2001 NIU charged Borda with various disciplinary infractions and expelled him from the Theatre Department. Borda appealed the sanction as a violation of NIU's Handbook. On May 16, 2001, Ridge agreed that NIU violated its own Disciplinary Code in expelling Borda under the circumstances and partially reversed the decision to sanction him. Between May 16, 2001 and November 1, 2001, Ridge engaged in a discriminatory course of conduct against Borda based on her personal animus against him. The misconduct included retaining Borda on probation in violation of NIU's Handbook, when the only authorized sanction was casting probation, subjecting Borda to unequal scrutiny in order to justify his second expulsion from the Theatre Department, and revealing to Borda's entire class that he was "on probation and better be careful," which is alleged to be in violation of the right to confidentiality guaranteed by the Family Educational Rights and Privacy Act ("FERPA")[1]. In addition, between May 16, 2001 and November 1, 2001, Ridge determined that Borda was guilty of violating the terms of his probation as a result of a shoving match with another student without affording him an opportunity to respond to the charges. As a result of that determination, Borda was expelled from NIU's Theatre Department a second and permanent time, though he was still permitted to seek a different course of study at NIU.

Borda asserts that Ridge, as the head of the Review Board for disciplinary actions, violated his due process rights when she permanently expelled him from the Theatre Department without giving him an opportunity to respond to the allegations he faced and for damaging his reputation by revealing his disciplinary status to other students. Borda also asserts that Ridge violated his equal protection rights because she intentionally ignored/violated NIU's disciplinary rules so that Borda would be expelled from the Theatre Department, treating him differently from similarly situated students.

Ridge argues that Borda's claims are time-barred by the statute of limitations. She also argues that the due process claim should be dismissed because Borda had no Constitutional right to an education from the Theatre Department and because Borda did not have a liberty interest in his reputation. Ridge then argues the equal protection claim should be dismissed because Borda's Complaint and Amended Complaint make it clear that he was a prime candidate for expulsion and because he asserts no facts to demonstrate that his treatment was different from those of similarly situated students. Ridge asserts that because she was acting within the scope of her authority as a state governmental agent, she has qualified immunity from Borda's suit.

Borda was expelled from the theatre program on November 1, 2001. The parties agree a two-year statute of limitations applies. Borda filed suit on October 31, 2003. The complaint is timely. The fact that plaintiff contests his probationary status prior to his expulsion and that it was imposed outside the two-year limitations period does not defeat his claim that his expulsion was improper. To the extent he is attempting to state a claim for injuries arising from the revelation of his probationary status and lost eligibility for financial aid due to his probation, the statute of limitations would seem to preclude these claims since they necessarily occurred prior to his expulsion on November 1, 2001, and his complaint was filed on October 31, 2003.

Borda claims a denial of substantive and procedural due process in his expulsion from the NIU Theatre Department. To state a claim for substantive due process, Borda must allege conduct intended to injure that was not justifiable by any governmental interest. Dunn v. Fairfield Cmty. High Sch. Dist. No.225, 158 F.3d 962, 965 (7th Cir. 1998). The action must shock the conscience. Id. Expulsion from a college theatre program, no matter how mean-spirited the motivation, simply is not conscience-shocking.

To state a claim for deprivation of procedural due process, plaintiff must allege a deprivation of a property or liberty interest that is protected by the 14th Amendment without due process of law. Mathews v. Eldridge, 424 U.S. 319, 332 (1976). In Osteen v. Henley, 13 F.3d 221 (7th Cir. 1993), a case involving an actual expulsion from NIU, not just expulsion from a program at NIU, the court stated "[a]s we tirelessly but unavailingly remind counsel in this court, a violation of state law (for purposes of this case the student judicial code may be treated as a state law) is not a denial of due process, even if the state law confers a procedural right." Id. at 225. Plaintiff's claim that Ridge denied him due process because she did not follow the Theatre Department's procedures for discipline must fail.

Borda's due process claim that Ridge damaged his reputation by revealing his disciplinary status to other students, (which, as discussed above, appears defeated by the statute of limitations) is baseless. Borda does not present any authority that such a claim is available to a student. Even if the court were to treat this claim like that of a discharged government employee (and there is no reason to do so), plaintiff cannot get by the first step of that analysis. Ridge must have made false statements of fact to meet the first step toward stating a claim. See Strasburger v. Bd. of Ed., Hardin County Cmty. Unit Sch. Dist. No. 1, 143 F.3d 351, 356 (7th Cir. 1998), cert. denied, 525 U.S. 1069 (1999). She is alleged to have said he was "on probation and better be careful," which was true. Further, there is no way her making such a statement to his fellow students could have damaged him in a way that would be analogous to "a tangible loss of other employment opportunities." Id. Borda's procedural due process claim fails.

Borda claims a "class of one" equal protection violation. He must allege that he was
"(1) intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment or (2) that the government is treating unequally those individuals who are prima facie identical in all relevant respects, and that the cause of the differential treatment is a totally illegitimate animus toward the plaintiff by the defendant." Nevel v. Village of Schaumburg, 297 F.3d 673, 681 (7th Cir. 2002). Borda's complaint fails to meet this test. According to Ex. C, attached to his complaint, Borda was expelled for an incident with another student in which he failed to take responsibility for his inappropriate actions, modify his belligerent tone, and adhere to standards of professionalism. He does not allege other students who failed to do these things were not disciplined. He does not allege that other students who failed to do these things exist. In the absence of allegations of similarly situated or prima facie identical individuals receiving different treatment, Borda fails to state a claim.

Because the court finds the complaint fails to state a claim on which relief can be granted, as discussed above, the court declines to address Ridge's qualified immunity argument. Defendant's motion to dismiss is granted. This case is dismissed in its entirety with prejudice.

---

[1] Plaintiff concedes in his brief that no private cause of action is created by FERPA. Gonzaga Univ. v. Doe, 536 U.S. 273, 276 (2002).